UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

B. MILLER,                                :
                                          :
    Plaintiff,                        :
                                          :
  v.                                      :   CIVIL NO. 3:16-CV-605
                                          :
C.O. S.L. HOLT, et al.,                   :   (Judge Kosik)
                                          :
    Defendants.                       :

**MEMORANDUM**

I. **Background**

Plaintiff B. Miller filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on April 11, 2016. At the time, and currently, he is incarcerated at the State Correctional Institution at Frackville ("SCI- Frackville"). In the original complaint, he named Correctional Officer S. L. Holt and Captain Lulushask, both employed at SCI-Frackville, and Hearing Examiner Sharon Lugis. In the complaint, Plaintiff alleges that Holt sexually touched him and also used excessive force against him. He claims that Lulushask covered up the incidents and wrote a misconduct report against him. Defendant Lugis was the Hearing Examiner and gave him 120 days in the Restricted Housing Unit as a sanction. According to Plaintiff, Lugis believed Holt to be credible over him and used "boilerplate language." (Doc. 1, Compl. at 3.) Plaintiff sought injunctive and monetary relief.

On May 17, 2016, waivers of service were filed by all three defendants. (Doc. 11.) The waivers revealed the correct spelling of two of the defendants names as follows: "Lulushask" was actually Lukashewski, and "Lugis" was actually Luquis. An entry of appearance on behalf of all three (3) defendants was also filed. (Doc. 12.)

Prior to any response to the complaint being due/filed, Plaintiff filed a motion seeking to amend the complaint to add Correctional Officer Lynn. (Doc. 13.) According to Plaintiff, since this action has been filed, Defendant Lukashewski has used Officer Lynn to issue an alleged retaliatory misconduct against Plaintiff for filing this action. The court subsequently directed Plaintiff to file a brief in support of his motion, which Plaintiff timely submitted. On July 6, 2016, the court issued an order directing Plaintiff to file any amended complaint within fourteen (14) days, or the court would use the original complaint as the standing complaint in this matter. (Doc. 17.)

While Plaintiff has not submitted an amended complaint, he has filed two (2) documents with the court. The first document was filed on July 12, 2016, and was docketed by the Clerk of Court as a "LETTER MOTION for Order compelling facility to give Miller access to the law library" (Doc. 19). The second document was filed on July 21, 2016, and has been docketed as a "Motion to Compel" (Doc. 20). These motions are presently pending before the court for resolution.

## II.     Discussion

Plaintiff's motion to file an amended complaint in this action to add Officer Lynn and to add claims against Defendant Lukashewski was granted several months ago. He also filed the pending documents shortly thereafter. In reviewing these documents, it appears that in Document 19, Plaintiff discussed the basis of a new action. He alleges that non-defendants, and in particular Officer Adamchick, have been denying him yard and placing him on cell restriction in retaliation for filing the instant suit. He states that on July 6, 2016, he was accosted by Officer Welles, another non-defendant. This is the first time Plaintiff has mentioned either of these individuals. He can certainly file new complaints against them, but will not be permitted to add them and the allegations against them, to this action. To the extent Plaintiff claims he has been denied access to the law library, this does not seem to impact Plaintiff's preparation of an amended complaint in the above matter. Plaintiff should not need access to the law library to prepare his amended complaint. The information he needs should be known to him. Even if Plaintiff did need access to legal books to research his causes of action, this activity occurred in July. It is now mid-September, and Plaintiff has not complained of such activity continuing. As such, the amended complaint in the above action shall be filed by Plaintiff within twenty (20) days and within the parameters previously mandated, or the court will proceed on the original complaint as submitted.

With respect to Document 20, labeled as a motion to compel by Plaintiff, he seeks to have the court compel the Facility Manager at SCI-Frackville, Brenda Tritt, and Unit Manager Stacie Dowd, to grant him single cell status. Clearly, any such request is inappropriate in this case. First of all, neither individual is a named defendant in this action. Second, the basis of Plaintiff's motion is his allegation that he is being subjected to environmental tobacco smoke, which is aggravating his asthma condition. He seeks an order allowing him to be placed in a single cell away from smoke in whatever state institution he may be housed in now and in the future. He also seeks an order preventing Tritt and Dowd from retaliating against him because of the instant motion to compel. This is speculative, at best, and any request to be moved is improper in the context of this action. As such, the motion will be denied. An appropriate Order follows.