UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

OCT 28 2016

PER _____ DEPUTY CLERK

B. MILLER,

    Plaintiff,

v.   :   CIVIL NO. 3:16-CV-605

C.O. S.L. HOLT, et al.,   :   (Judge Kosik)

    Defendants.

## MEMORANDUM

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the court in the above civil rights action pursuant to 42 U.S.C. § 1983, is the amended complaint of Brandon Miller, also known as Strandon Miller ("Petitioner"). Petitioner is currently confined in the State Correctional Institution ("SCI") at Frackville, Pennsylvania. For the following reasons, the amended complaint will be the standing complaint in this action and the Clerk of Court will be directed to serve the waiver documents on the defendants named in the amended complaint. One of the defendants named in the amended complaint has already waived service and has filed a motion to dismiss the amended complaint.

Petitioner commenced this action on April 11, 216. In the original complaint, he named Correctional Officer ("CO") Holt, Captain "Lulushask" and Hearing

Examiner Sharon "Lugis." He claimed that Holt sexually touched him and used excessive force against him. He further claimed that Lulushask covered the incident up and wrote a misconduct report against him. Lugis was the Hearing Examiner with respect to the incident, and gave him 120 days in the Restricted Housing Unit as a sanction. Plaintiff alleged that Lugis found Holt to be credible, believing Holt over Plaintiff, and alleged that Lugis used "boilerplate language." (Doc. 1, Compl. at 3.)

On May 17, 2016, all three Defendants filed waivers of service. These documents revealed that Lulushask was actually "Lukashewski" and Lugis was actually "Luquis." Before the filing of any response, Plaintiff moved to amend the complaint to name Correctional Officer Lynn as a defendant, claiming that Lynn issued a retaliatory misconduct against him for filing this action. Plaintiff was directed to file an amended complaint in this action within fourteen (14) days or risk the original complaint standing as the complaint in this matter. He was instructed on what the amended complaint should contain, and how to file the document. (Doc. 17, 21.)

On October 7, 2016, Plaintiff filed an amended complaint. (Doc. 25.) In the document, Plaintiff again named Holt as a defendant, and also named Correctional Officers Lynn, Allen and Holezman. He eliminates Defendants Lukashewski and Luquis from this action. In the amended complaint, Miller alleges that when he was

coming in from the exercise yard in September, he was accosted and his tablet was taken by the Defendants. According to Plaintiff, Defendant Shay Holt told the other Defendants named in the amended complaint to confiscate Plaintiff's tablet because he had filed a lawsuit against Holt. Although Plaintiff claims that this was under the advisement of CO Lukashewski, Lukashewski is not named as a defendant in the amended complaint. Plaintiff believes that Defendants were retaliating against him since there was no reason to take his tablet, and it was done purely to get him to 'act out."

While it is unclear as to whether the claim raised by Plaintiff in the amended complaint has even been exhausted, service will be directed on the new Defendants named in the amended complaint. To effect service as expeditiously as possible, the Clerk of Court is specially appointed to serve a copy of the amended complaint, Notice of Lawsuit and Request to Waive Service of Summons (form AO 398), Waiver of the Service of Summons (form AO 399), and this order on each new defendant named in the amended complaint (Defendants Lynn, Allen and Holezman). The waiver requests shall inform the defendants both of the consequences of compliance and of failure to comply with the requests. Defendants are permitted 30 days from the date the waiver requests are sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers or electronically file them in the

court's Electronic Case Filing (ECF) system. If a signed waiver is not returned or electronically filed within the required time, an order shall be issued directing the Clerk's office to transmit the summons and a copy of the amended complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c)(1).

It is Plaintiff's responsibility to provide a complete name and address for each defendant so that the court can effect service. At this time, service will be attempted on the defendants at the address Plaintiff has listed for them in the amended complaint. However, if the Clerk of Court cannot properly mail the amended complaint, Notice of Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to a defendant, due to Plaintiff's failure to properly name a defendant or provide an accurate mailing address for the defendant, Plaintiff will be required to correct this deficiency.

In that event, it will be the Plaintiff's responsibility to provide the Clerk's Office with the completed Notice of Waiver of Summons, Waiver of Summons, and Process Receipt and Return (form USM 285) form for each such defendant. If Plaintiff does not have sufficient copies of these forms to prepare one for each defendant, he may obtain additional forms from the Clerk of Court. On each form, Plaintiff must give the full name and complete address of each individual defendant. If Plaintiff fails to give the Clerk's Office correct instructions for mailing to any

defendant, Plaintiff's claims against that defendant may be dismissed pursuant to Fed. R. Civ. P. 4(m).

Plaintiff is also advised that no defendant is required to respond to the amended complaint until he: (1) has waived service; or (2) has been served with a summons and the amended complaint pursuant to Fed. R. Civ. P. 4, if the defendant has not waived service. Further, any motion for default cannot be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond to the amended complaint within sixty (60) days after the Notice of Lawsuit and Request to Waive Service of Summons has been mailed (if service is waived pursuant to the written notice) or twenty-one (21) days after being served the summons and amended complaint by the United States Marshals Service (which will be completed only for those defendants who do not waive service).

Plaintiff is also advised that he is responsible for notifying the Clerk's Office of any change of address throughout the course of this litigation. Failure to do so may result in the dismissal of Plaintiff's action for failure to prosecute if the court and other parties are unable to serve pleadings, orders or otherwise communicate with Plaintiff.