UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| B. MILLER a/k/a/ STRANDON MILLER, | : |
| | : CIVIL ACTION NO. 3:16-0605 |
| Plaintiff | : (JUDGE MANNION) |
| v. | : |
| C.O. S.L. HOLT, et al., | : |
| Defendants | : |

**MEMORANDUM**

This civil rights action pursuant to 42 U.S.C. §1983 proceeds on an amended complaint filed by Plaintiff B. Miller on October 7, 2016. (Doc. 25.) Miller is currently incarcerated at the State Correctional Institution at Frackville (SCI-Frackville), Pennsylvania. Named as defendants in the amended complaint are the following correctional officers at SCI-Frackville: S.L. Holt, R.E. Lynn, S.P. Allen, and S.M. Holezman. Plaintiff appears to allege that Defendants Lynn, Allen and Holezman took his tablet from him for no reason when he was coming in from the exercise yard on September 20, 2016. He claims that this was done pursuant to the order of Defendant Holt in retaliation for suing Holt.

**I.   Background**

On October 27, 2016, Defendant Holt filed a motion to dismiss or, in the alternative, for summary judgment with respect to the claims set forth against him in the amended complaint. (Doc. 26.) The motion is based on Plaintiff's failure to exhaust the claims set forth in the complaint. In support of the motion, Holt has also filed a brief and the unsworn declaration of Jennifer Newberry, Assistant to the Superintendent at SCI-Frackville. (Docs. 31, 32.) Plaintiff has failed to oppose this motion.  In addition, although waiver of service documents and the amended complaint were mailed to the other three

(3) defendants, they have not acknowledged service or responded to the amended complaint.

Presently before the Court is Plaintiff's Motion for Injunctive Relief. (Doc. 35.) Plaintiff's filing has been construed to be both his motion and his brief. (Doc. 38.) Plaintiff requests that he immediately be placed in the general population because Officers Downs and Reese are denying him privileges in retaliation for exercising his constitutional rights. In support of his argument, he cites generally to Smith v. Mensinger, 293 F.3d 641 (3d Cir. 1999) and Mitchell v. Horn, 318 F.3d 523 (3d Cir. 2003). Plaintiff further alleges that his allegations are proven by a misconduct that was issued against him.

## II.   Injunctive Relief Standard

It is clear that Plaintiff fails to qualify for injunctive relief. It is well established that preliminary injunctive relief is extraordinary in nature and is granted only in the most limited of circumstances. American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995). Moreover, issuance of such relief is at the discretion of the trial judge. Orson, Inc. v. Miramax Film, Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:

> (1) likelihood of success on the merits;
> (2) irreparable harm resulting from a denial of relief;
> (3) the harm to the non-moving party if relief is granted; and
> (4) the public interest.

Meekins v. Beard, No. 3:06-CV-290, 2008 WL 474250 *2 (M.D. Pa. Feb. 20, 2008) citing United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). It is the moving party that bears the burden of satisfying these factors. (Id.)

Perhaps the most important prerequisite for the issuance of a

2

preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See Continental Group, Inc., v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued. Id. Speculative injury does not constitute a showing of irreparable harm. Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weights heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)). "[A] failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

**III.   Discussion**

In considering the factors outlined above, it is clear that injunctive relief is not warranted. First, it is well established that a prisoner has no justifiable expectation that he will be incarcerated in any particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983). There is no protected liberty interest arising from the Due Process Cause to be assigned to a particular custody level, security classification or place of confinement. See Wilkinson v. Austin,

545 U.S. 209, 221-22 (2005)(finding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); see also Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891 (3d Cir. June 5, 2013)(holding that denial of inmate's request for Z code status is not a deprivation of a protected liberty interest.) As such, Plaintiff's request to be moved to the general population is without merit.

Further, it is unlikely that Plaintiff will suffer irreparable harm if preliminary injunctive relief is not granted. He has adequate legal remedies available, and has come forth with no evidence that he will suffer irreparable harm if he is not granted injunctive relief. Most importantly, however, is the fact that currently pending is Defendant Holt's motion to dismiss or, in the alternative, for summary judgment that is based squarely on Plaintiff's failure to exhaust his claims. Plaintiff has not responded to this motion. As such, it is clear that Plaintiff is unable to demonstrate his likelihood of success on the merits at this juncture.

Even if the Court were to find that Plaintiff somehow qualified for the injunctive relief sought, he makes allegations in his motion against two officers that are not even named as defendants in this action. He does not reference Defendant Holt in his motion, or even the named Defendants that have not yet been served with the amended complaint. Because Plaintiff seeks injunctive relief against individuals who are not parties to this action, any request for injunctive relief must be denied. See DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)(holding that a preliminary injunction is available when the same relief may be granted in the final resolution of the case); Devose v, Herrington, 42 F.3d 470, 471 (8th Cir. 1994)(finding that inmate's new assertions might support additional claims, but could not provide the basis for a preliminary injunction in the lawsuit.) In addition, the balancing of potential harm to the parties weighs more heavily

in favor of Defendants at this point because the issuance of the requested relief would have an unduly adverse affect on the ability of prison staff to exercise their professional judgment in managing the prison. It would encourage filings by inmates seeking to obtain transfers to other parts of the prison or other facilities they feel is necessary in situations where they disagree with where they are currently housed. "It is well-settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). For all of these reasons, Plaintiff's motion for injunctive relief will be denied.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:   March 24, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0605-01.wpd