# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

B. MILLER, :
a/k/a STRANDON MILLER,
      Plaintiff :
                                                          CIVIL ACTION NO. 3:16-0605
      v. :       (JUDGE MANNION)

C.O. S.L. HOLT, et al., :

      Defendants :

## MEMORANDUM

## I. Background

Plaintiff, an inmate confined in the State Correctional Institution Frackville ("SCI-Frackville"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The action proceeds on an amended complaint filed by Plaintiff B. Miller on October 7, 2016. (Doc. 25). The named Defendants in the amended complaint are the following correctional officers at SCI-Frackville: S.L. Holt, R.E. Lynn, S.P. Allen, and S.M. Holezman. Id. Plaintiff alleges that Defendants Lynn, Allen and Holezman took his tablet from him for no reason when he was coming in from the exercise yard on September 20, 2016. He claims that this was done pursuant to the order of Defendant Holt in retaliation for suing Holt. Id.

On October 27, 2016, Defendant Holt filed a motion to dismiss or, in the

alternative, for summary judgment with respect to the claims set forth against him in the amended complaint. (Doc. 26). The motion is based on Plaintiff's failure to exhaust the claims set forth in the complaint. Id. In support of the motion, Holt has also filed a brief and the unsworn declaration of Jennifer Newberry, Assistant to the Superintendent at SCI-Frackville. (Docs. 31, 32).

On March 24, 2017, this Court issued an Order, affording Plaintiff the opportunity to file an opposition brief by April 7, 2017, and cautioned him that his failure to file a brief would result in the motion being deemed unopposed and granted without an analysis of the merits. (Doc. 43, citing L.R. 7.6.). Plaintiff failed to file a brief in opposition[1] to the motion in accordance with the Local Rules of Court. L.R. 7.6. For the reasons set forth below, Defendant's motion for summary judgment will be granted.

## II. Standards of Review

### A. Motion to Dismiss

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to

---

[1] On April 7, 2017, Plaintiff filed a document entitled "Amended Complaint." (Doc. 26). This document, however, is a mere iteration of Plaintiff's original and amended complaint, and in no way opposes Defendant's dispositive motion, or offers any new facts to be considered.

2

state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part

3

analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

### B. Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that

4

a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, parties may not rely on unsubstantiated allegations. Parties seeking to establish that a fact is or is not genuinely disputed must support such an assertion by "citing to particular parts of materials in the record," by showing that an adverse party's factual assertion lacks support from cited materials, or demonstrating that a factual assertion is unsupportable by admissible evidence. Fed.R.Civ.P. 56(c)(1); see Celotex, 477 U.S. at 324 (requiring evidentiary support for factual assertions made in response to summary judgment). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). Parties must produce evidence to show the existence of every element essential to its case that they bear the burden of

proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U .S. at 323; see Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992). Failure to properly support or contest an assertion of fact may result in the fact being considered undisputed for the purpose of the motion, although a court may also give parties an opportunity to properly provide support or opposition. Fed.R.Civ.P. 56(e).

### III.     Statement of Facts[2]

On September 20, 2016, during a random cell search, CO Holezman confiscated Plaintiff's electronic table from his cell. (Doc. 25 at 3, Confiscated

---

[2]Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in response to the moving party's brief in support, "[t]he papers opposing a motion for summary judgment shall included a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] ..., as to which it is contended that there exists a genuine issue to be tried." See M.D. Pa. LR 56. 1. The rule further states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. Because Plaintiff has failed to file a separate statement of material facts controverting the statement filed by Defendant, all material facts set forth in Defendant's statement (Doc. 25) will be deemed admitted.

6

Items Receipt).

On September 20, 2016, Plaintiff filed Grievance No. 644217 stating the following:

> At 2:55 pm coming in from the "Exercise Yard"...I was accosted by C/O R.E. Lynn, C/O Holezman, C/O S.P. Allen. "Shay Holt" told C/O Holezman to take my tablet. C/O Shay Holt told Holezman, S.P. Allen and R.E. Lynn to arbitrarily, capriciously, confiscate my tablet cause Civil Action 3:16 Middle District Court involves him (Shay Holt). Theirs (sic) not wrong with my tablet. My name is on the screen once you turn it on, as my number. Theirs (sic) no reason to take my tablet. Device is transparent. I deem this to be retaliatory from R.E. Lynn and Shy Holt! Due to 3:16-cv-605. All was done under Lt. C.O. Ludwedo. I was told Federal Judge Middle District Federal Court (Judge Kosik) has been informed concerning capricious action.

(Doc. 32-1 at 44, Official Inmate Grievance).

On September 23, 2016, Miller's electronic tablet was "returned to [him] in normal working order." (Doc. 25 at 3, Confiscated Items Receipt). Also on September 23, 2016, Miller filed a grievance withdrawal, withdrawing Grievance No. 644217. (Doc. 32-1 at 46, Grievance Withdrawal). There are no further appeals regarding Grievance No. 644217, or the issues raised in Plaintiff's complaint. (Doc. 32-1 at 5, Declaration of Jennifer Newberry, Assistant to the Superintendent at SCI-Frackville).

## IV. Discussion

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001). Failure to exhaust available administrative remedies is an affirmative defense. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendant Holt has properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC

8

Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of their institution. Id. Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA). Id.

It is clear from the record before this court that Plaintiff has failed to exhaust his administrative remedies before filing the above captioned action. The undisputed record reveals that Plaintiff withdrew his grievance concerning the confiscation of his electronic tablet, prior to Plaintiff seeking any level of review of said grievance. In light of his failure to properly exhaust all claims, the complaint will be dismissed. See Woodford v. Ngo, 548 U.S. 81,92 (2006) (mandating complete exhaustion of all administrative remedies before filing suit); see also Rivera v. Pa. Dep't of Corr., 388 Fed. App'x 107, 108 (3d Cir. 2010) ("An inmate must exhaust his administrative remedies prior to filing a civil action in federal court").

Moreover, because it is beyond dispute that Plaintiff failed to exhaust his remedies, debilitating any chance for success of the above captioned action, the Court finds that, based upon the foregoing, the remaining Defendants, R.E. Lynn, S.P. Allen, and S.M. Holezman, are also entitled to dismissal pursuant to of 28 U.S.C. §1915(e)(2)(B)(ii), for Plaintiff's failure to state a claim upon which relief may be granted. Additionally, because we find based on the record submitted, that Plaintiff has procedurally defaulted on his administrative grievance, and, therefore, did not and cannot fully exhaust his remedies, any further leave to amend the complaint would be futile and will not be permitted.[3]

**V. Conclusion**

For the reasons stated above, the Court will grant summary judgment in favor of Defendant Holt, for Plaintiff's failure to exhaust administrative remedies prior to filing the above captioned action. Additionally, the remaining Defendants, R.E. Lynn, S.P. Allen, and S.M. Holezman, will be dismissed pursuant to of 28 U.S.C. §1915(e)(2)(B)(ii).

---

[3] We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher–Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.2007). However, it is unnecessary to permit further amendment when granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004).

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 31, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0605-02.wpd